# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THON NGOT SANG,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>A. K. SCRIBNER, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | Case No. 1:07-cv-01759-OWW-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED, PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED, AND PLAINTIFF BE GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(Doc.30)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

**I.　Findings and Recommendations**

　　**A.　Procedural History**

　　Plaintiff Thon Ngot Sang ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint, filed on October 24, 2008, against Defendants A. K. Scribner, O. A. Ybarra, R. Flores, and J. Torres ("Defendants") for violation of the Eighth Amendment. On May 19, 2009, Defendants filed a motion to dismiss pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure.  (Doc. 30, Defs.' Mot. To Dismiss.)  On June

19, 2009, Plaintiff filed his opposition to Defendants' motion. (Doc. 32, Pl.'s Opp'n.)[1] On June 25, 2009, Defendants filed their reply. (Doc. 33, Defs.' Reply.) This matter is deemed submitted pursuant to Local Rule 78-230(m).

Defendants categorize this motion as pursuant to the unenumerated portion of Rule 12(b). Defendants contend that issues of supervisory liability and qualified immunity are appropriate for an unenumerated 12(b) motion because the Court has authority to resolve both issues in the interests of judicial economy and fairness to all parties. (Doc. 30-2, Mem. Of P. & A. In Support of Defs.' Mot. To Dismiss 3:5-12.) Defendants cite to Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365 (9th Cir. 1988) (per curiam). That case, however, concerned exhaustion of remedies. Id. at 368-69. Here, Defendants are contending that 1) Plaintiff failed to state a claim against Defendant Scribner for supervisory liability and 2) Defendants are entitled to qualified immunity. (Doc. 30-2, Mem. Of P. & A. 1:26-2:3.) Defendants state that the motion is based on the allegations "within the four corners of the Complaint." (Doc. 30-2, Mem. Of P. & A. 3:11.) Defendants are thus contending that Plaintiff failed to state a claim against any Defendants. A motion to dismiss for failure to state a claim is a Rule 12(b)(6) motion. Accordingly, the Court construes Defendants' motion as pursuant to Federal Rule of Civil Procedure 12(b)(6).

**B.   Summary of Plaintiff's Amended Complaint**

Plaintiff alleges that on December 8, 2005, while housed at the California Substance Abuse and Treatment Facility ("SATF"), Plaintiff was suffering a severe bout of depression which brought on mental distress and claustrophobic anxiety. Plaintiff approached housing officers Defendants Torres and Flores to notify them of Plaintiff's psychological state. Plaintiff is a prison mental health recipient. Due to Plaintiff's prior suicide attempts and self-inflicted harm Plaintiff informed Defendants Torres and Flores that he need to be placed on single cell status or Administrative Segregation ("ad seg") until seen by a mental health care provider.

---

[1] Plaintiff was provided with the requirements for opposing an unenumerated 12(b) motion and a motion to dismiss on November 24, 2008. (Doc. 17.)

2

Defendant Torres asked Plaintiff for further explanation. Plaintiff then stated that he felt overwhelmingly stressed due to inability to conform to certain political/ethnic rules deemed unnecessary within the unit. Defendant Torres expressed disbelief that Plaintiff as an Asian American had prison politics concerns. Defendant Torres asked Plaintiff repeatedly if he had any enemy concerns, to which Plaintiff responded no. Plaintiff was issued a CDC 114-D/lock up order which indicated that Plaintiff had enemy concerns.

Defendant Lieutenant Ybarra then saw Plaintiff because of his vehement denials of enemy concerns. Defendant Ybarra likewise expressed disbelief that Plaintiff had any prison politics concerns. Plaintiff was placed in ad seg based on this false report. On December 14, 2005, Plaintiff was seen by the weekly Classification Review Committee, and then re-housed back into the general population. Plaintiff later discovered that the lock-up report had been typed by Asian inmate clerks.

On January 7, 2006, Plaintiff was brutally assaulted by two Asian inmates and suffered a severe jaw fracture from a responding officer's baton blow. Plaintiff was then placed back into ad seg for being the victim of an assault. Plaintiff contends that Defendant Warden Scribner is responsible for "maintaining and overseeing a governmental correctional agency in who's (sic) lack of discipline and control has allowed for it's (sic) officer agents to run systematically afoul of basic humane standards of decency." Plaintiff alleges that Defendants acted with deliberate disregard of Plaintiff's mental and psychological need for treatment by setting into play events that led to the assault on Plaintiff.

### C.  Failure To State A Claim Upon Which Relief May Be Granted

#### 1.  Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal

3

system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002), overruled in part on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); see Fed. R. Civ. P. 8(a).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001)) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'").

**2.** *Arguments*

    **A.**    **Defendant Scribner**

Defendants contend that Plaintiff fails to state a claim against Defendant Scribner based on any supervisory liability. (Doc. 30-2, Mem. Of P. & A. 3:15-4:10.) Plaintiff contends that if proper training and discipline had been imposed by Defendant Scribner, the assault would not have occurred. (Doc. 32, Pl.'s Opp'n 5:22-28.)

Under § 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not stated a claim for relief against Defendant Scribner. Plaintiff alleges liability based on Defendant Scribner's role as the overseer of a corrections agency, which is a claim based on respondeat superior and not viable under § 1983. However, leave to amend should be granted if it appears at all possible that Plaintiff can cure the deficiencies identified by the allegations of other facts, and should be granted more liberally to pro se plaintiffs. McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004). Plaintiff had not previously been granted leave to amend by the Court.[2]  Because Plaintiff could possibly cure the deficiencies in his complaint by pleading additional facts showing personal involvement by Defendant Scribner, the Court recommends granting Plaintiff leave to amend his complaint.

### B. Defendants, Ybarra, Torres, and Flores

Defendants also contend that Defendants Ybarra, Torres, and Flores are entitled to qualified immunity. (Doc. 30-2, Mem. Of P. & A. 4:12-9:3.) Plaintiff alleges that Defendants Ybarra, Torres, and Flores were deliberately indifferent to Plaintiff's safety through their actions. (Pl.'s Am. Compl. 6, ¶ 25.)

To constitute cruel and unusual punishment in violation of the Eighth Amendment,

---

[2] Plaintiffs are entitled to amend their complaint once as a matter of course, Fed. R. Civ. P. 15(a), which Plaintiff used. (Doc. 12, Pl.'s Mot. To Amend Compl.; Doc. 13, Order Granting Pl.'s Mot. To Amend Compl.)

prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); see Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety. Farmer, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." Id. at 837.

      Plaintiff has not alleged a cognizable claim for failure to protect against Defendants Ybarra, Torres, and Flores. Plaintiff informed Defendants that he did not have enemy concerns. Plaintiff states that he requested a single cell because he was stressed and required some time to be alone. Plaintiff does not allege that he was concerned for his physical safety because of a fear of attack by other inmates. To support a claim for Defendants' failure to protect, Plaintiff must allege that the Defendants knew and disregarded an excessive risk to his health or safety. Although Plaintiff contends that Defendants' report was subsequently typed up by Asian inmates, and that he was later attacked by Asian inmates, he has not sufficiently alleged that Defendants knew and disregarded an excessive risk to his safety. Farmer, 511 U.S. at 837.

      Plaintiff also alleges deliberate disregard for Plaintiff's mental health. Plaintiff alleges that he received his requested placement in ad seg, though it was for reasons other than Plaintiff's mental health. While Plaintiff has sufficiently alleged a serious medical need, Defendants' placement of Plaintiff in a single cell or in ad seg is insufficient to support a claim that Defendants knew and disregarded an excessive risk to his health or safety. The Court thus recommends dismissal of Plaintiff's failure to protect and deliberate indifference to a serious medical need

claims against Defendants Ybarra, Torres, and Flores.

Because the Court recommends dismissal on other grounds, the Court declines to consider Defendants' arguments regarding qualified immunity. Since Plaintiff may be able to cure the deficiencies in his complaint by pleading additional facts, the Court recommends granting Plaintiff leave to file a second amended complaint to cure the deficiencies identified in this Findings and Recommendations. See McQuillion, 369 F.3d at 1099.

The Court provides the following guidelines regarding filing an amended complaint. The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

## II.  **Conclusion and Recommendation**

Plaintiff's first amended complaint should be dismissed for failure to state a claim upon which relief may be granted. Because Plaintiff may be able to cure the deficiencies identified in this Findings and Recommendations, the Court recommends that Plaintiff be granted leave to file a second amended complaint.

//

Based on the foregoing, the Court HEREBY RECOMMENDS the following:

1) Defendants' motion to dismiss, filed on May 19, 2009, be GRANTED as stated herein; and

2) Plaintiff's first amended complaint, filed on October 24, 2008, be DISMISSED with leave to file a second amended complaint, curing the deficiencies identified herein.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 16, 2009**              **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE