# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THON NGOT SANG, | 1:07-CV-01759-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| A. K. SCRIBNER, et al., | |
| Defendants. | (DOC. 46) |
| / | OBJECTIONS DUE WITHIN 30 DAYS |

**Findings And Recommendations**

I.  **Background**

  A.  **Procedural History**

Plaintiff Thon Ngot Sang ("Plaintiff") was a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceed on Plaintiff's first amended complaint, filed October 24, 2008, against Defendants Scribner, Flores, Torres, and Ybarra for violation of the Eighth Amendment. On May 19, 2009, Defendants filed a motion to dismiss Plaintiff's first amended complaint for failure to state a claim. On November 24, 2009, the Court dismissed Plaintiff's first amended complaint, but granted leave for Plaintiff to file a second amended complaint. On December 28, 2009, Plaintiff filed his second amended complaint, which is pending before the Court for screening.

  B.  **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Second Amended Complaint

Plaintiff was previously incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: correctional officers R. Flores and J. Torres, lieutenant O. A. Ybarra, and warden A. K. Scribner.

Plaintiff alleges the following. On December 8, 2005, Plaintiff was suffering a severe bout of depression which brought on mental distress and claustrophobic anxiety. Plaintiff approached housing officers Defendants Torres and Flores to notify them of Plaintiff's psychological state. Plaintiff is a prison mental health recipient. Due to Plaintiff's prior suicide attempts and self-inflicted harm Plaintiff informed Defendants Torres and Flores that he need to be placed on single cell status or Administrative Segregation ("ad seg") until seen by a mental health care provider.

Defendant Torres found this reasoning insufficient. Plaintiff then stated that he felt

2

overwhelmingly stressed because of claustrophobia from overcrowding, and due to inability to conform to certain political/ethnic rules which Plaintiff found unnecessary.  Defendant Torres expressed disbelief that Plaintiff as an Asian American had prison politics concerns.  Defendant Torres asked Plaintiff repeatedly if he had any enemy concerns, to which Plaintiff responded no.  Plaintiff was issued a CDC 114-D/lock up order which indicated that Plaintiff had enemy concerns.

Defendant Lieutenant Ybarra then saw Plaintiff.  Plaintiff denied having enemy concerns.  Defendant Ybarra expressed disbelief that Plaintiff had any prison politics concerns.  Plaintiff was placed in ad seg based on this false report.  On December 14, 2005, Plaintiff was seen by the weekly Classification Review Committee, and then re-housed back into the general population.  Plaintiff later discovered that the lock-up report had been typed by Asian inmate clerks.

On January 7, 2006, Plaintiff was brutally assaulted by two Asian inmates and suffered a severe jaw fracture from a responding officer's baton blow.  Plaintiff was then placed back into ad seg for being the victim of an assault.  Plaintiff alleges that Defendants acted with deliberate disregard of Plaintiff's mental and psychological need for treatment by setting into play events that led to the assault on Plaintiff.

Plaintiff seeks as relief compensatory and punitive damages.

**III.     Analysis**

    **A.     Deliberate Indifference - Mental Health**

Plaintiff contends that Defendants Ybarra and Scribner had a duty to provide Plaintiff with appropriate mental health treatment, and their failure to do so violated his Eighth Amendment rights.[1]

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are

---

[1] Plaintiff's Fourteenth Amendment claim is disregarded, as the Eighth Amendment provides the explicit textual source for Plaintiff's rights.  *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996).

sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Plaintiff fails to allege sufficient facts to state a cognizable Eighth Amendment claim. It appears that Plaintiff alleges Defendants Ybarra and Scribner had a duty as supervisory defendants to provide Plaintiff with medical care. Under § 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts that indicate supervisory liability by Defendants Ybarra and Scribner, and thus fails to state a cognizable Eighth Amendment claim for denial of mental health care.[2]

### B.   Deliberate Indifference - Failure To Protect

Plaintiff alleges Defendants Torres, Flores, Ybarra, and Scribner failed to protect Plaintiff from harm. Plaintiff contends that Defendant Torres and Flores falsified the CDC 114-D

---

[2] Plaintiff likewise fails to state a claim for supervisory liability against Defendants Scribner and Ybarra for failure to train, supervise, or discipline. Plaintiff alleges no facts indicating anything other than liability based on a respondeat superior theory, which is not a cognizable claim under § 1983.

document which stated that Plaintiff had enemy concerns. Plaintiff contends this caused Plaintiff to be branded a snitch and subsequently attacked. As stated previously, in order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *Farmer*, 511 U.S. at 837. Here, Plaintiff alleges that Defendants should have known that placing Plaintiff in ad seg for enemy concerns would have resulted in Plaintiff being labeled a snitch and thus being attacked. The undersigned finds this reasoning far too tenuous to state a cognizable Eighth Amendment claim. Plaintiff's allegations are insufficient to demonstrate that Defendants knew of and disregarded a risk to Plaintiff when they classified Plaintiff, erroneously, as having enemy concerns.

Plaintiff's claims against Defendants Scribner and Ybarra for supervisory liability also fail. Plaintiff fails to plead any facts that indicate Defendants Scribner and Ybarra personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.

### IV.    Conclusion And Recommendation

Plaintiff fails to state any claims against any Defendants under 42 U.S.C. § 1983. Plaintiff was provided with the opportunity to file an amended complaint to cure the deficiencies identified herein, but failed to do so. The undersigned recommends further leave to amend should not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Based on the foregoing, it is HEREBY RECOMMENDED that this action be DISMISSED in its entirety for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **September 1, 2010**              **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE